**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GRIMMWAY ENTERPRISES, INC., a**
**California Corporation doing business as**
**GRIMMWAY FARMS,**

                      **Plaintiff,**

    vs.                                                               **1:19-CV-448**
                                                                     **(TJM/CFH)**

**ANGELLO'S DISTRIBUTING, INC., a/k/a**
**ANGELLOS DISTRIBUTING, INC., and**
**JOSEPH ANGELLO, an individual,**

                      **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## ORDER

      Plaintiff filed a Complaint in the instant action on April 16, 2019. See dkt. # 1. Plaintiff is a California corporation with its principal place of business in that State. Id. at ¶ 1. Defendants are a New York company and a New York resident. Id. ¶ 2. Plaintiff's business involves buying and selling wholesale amounts of perishable agricultural commodities in interstate commerce. Id. at ¶ 6. At the times relevant to this action, both Plaintiff and Defendant had valid licenses issued by the United States Department of Agriculture ("USDA") pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a-t. Id. at ¶¶ 7-8. Plaintiff sold Defendants three shipments of organic produce for an amount of not less than $11,203.65 in April 2018. Id. at ¶ 9. Defendants

1

accepted the produce without objection, but failed to pay Plaintiff despite repeated demands. Id. at ¶¶ 10-11. Plaintiff sent Defendants invoices reflecting the agreed-upon purchase price. Id. at ¶ 12. Those invoices also included terms and conditions requiring payment of pre-judgment interest of 18% per annum on unpaid invoices and authorizing Plaintiff to recover attorneys fees and costs if a collection action became necessary. Id. at ¶¶ 13-14.

When Defendants did not pay the money owed for the produce but offered no objection to the invoices or their terms, Plaintiff filed the instant lawsuit. The lawsuit contains seven Counts. Count I alleges breach of contract against Defendant Angellos Distributing. Count II, raised against Angellos Distributing, alleges that Defendant's failure to pay the invoices promptly violated the PACA. Count III seeks declaratory relief against all Defendants validating a PACA trust claim for the unpaid invoices, plus interest, costs, and attorneys fees. Count IV seeks an Order directing Angellos Distributing to pay Grimmway Farms immediately–as Angellos' PACA trust beneficiary–the amount owed on the invoices, plus interest, costs, and attorneys fees. Count V seeks an order from the Court directing Angellos to maintain PACA Trust assets sufficient to pay the terms of the unpaid invoices, directing Angellos Distributing to replenish the PACA trust account to a level sufficient to pay such funds, and enjoining Angellos Distributing from dissipating the assets in the PACA Trust account. Count VI alleges breach of fiduciary duty against Defendant Joseph Angello because Defendant failed in his duty to maintain sufficient assets in the Angelos Distributing PACA Trust acount. Count VII alleges that Joseph Angello unlawfully retained assets in the PACA trust.

Plaintiff served the Complaint on Defendants. See dkt. #s 6-7. Defendants did not

answer the Complaint, and Plaintiff requested entry of default from the Clerk of Court. See dkt. # 8. The Clerk entered default on May 30, 2019. See dkt. # 9. Plaintiff then filed the instant motion for default judgment. See dkt. # 11.

The Court will grant the motion for default judgment and provide the relief Plaintiff requests. Defendants have not answered or otherwise responded to the Complaint. The Clerk has entered default against the Plaintiffs. The amount sought is a sum certain, and Plaintiff has provided documentary evidence to support this sum. Accordingly, the Plaintiff's motion for default judgment, dkt. # 11, is hereby **GRANTED**, as follows:

1. The Court finds that Plaintiff Grimmway Enterprises, Inc., has a valid claim under the trust provisions of the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. ¶ 499e(c) against Angello's Distributing, Inc., also known as Angellos Distributing, in the total amount of $17, 109.89, plus additional pre- and post-judgment interest;

2. Judgment is hereby entered in favor of Plaintiff Grimmway Enterprises, Inc., and against Defendants Angello's Distributing, Inc., also known as Angellos Distributing, and Joseph Angello–jointly and severally–in the principal amount of $11,204.35, along with taxable costs in the sum of $520.90, attorneys fees in the amount of $3,114.50, and pre-judgment interest in the sum of $2,276.49 (as of June 18, 2019) and a daily per diem of $5.53 per day thereafter until the date of this order. The total judgment amounts to $17,116.24, plus the additional pre-judgment interest specified herein;

3. Defendants shall also pay post-judgment interest at the rate set forth in 28 U.S.C. ¶ 1961; and

4. All amounts stated in the judgment qualify for protection under the PACA, until satisfied.

**IT IS SO ORDERED**

Dated: September 23, 2019

Thomas J. McAvoy
Senior, U.S. District Judge